

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0363-22** |
| | GPD Report No. 21-26405 |
| v. | |
| | **DECISION AND ORDER** |
| **UGOCHUKWU ENYINNAYA AKOMA,** | **DENYING THE OAG'S** |
| DOB: 02/28/1972 | **STATEMENT OF OBJECTION** |
| | **7 G.C.A. § 6107 & MOTION TO** |
| Defendant. | **DISQUALIFY** |

### INTRODUCTION

This matter is before the Honorable Alberto C. Lamorena, III upon the Office of the Attorney General's (the "OAG's") Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify (the "Objection"). The OAG objects to the Honorable Alberto E. Tolentino's ("Judge Tolentino's") competency to preside over the above-captioned matter under 7 G.C.A. § 6107.

Having considered the Objection, Judge Tolentino's Answer, the OAG's Response, as well as the applicable statutes and case law and all relevant portions of the record, this Court now issues the following Decision and Order **DENYING** the OAG's request to disqualify Judge Tolentino and reassign this case.

### BACKGROUND

Defendant is charged with two counts of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor). See Complaint (Oct. 20, 2022).

Judge Tolentino was subsequently assigned to preside over this criminal case. See Notice of Judge Assignment (Dec. 13, 2022).

On July 19, 2024, the OAG filed their Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify. The OAG seeks Judge Tolentino's disqualification on the following grounds:

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 1 of 12

- Judge Tolentino's established history of disqualifying himself from matters in which Doug Moylan appeared as private counsel, prevents Judge Tolento from handling matters involving the OAG now that Doug Moylan currently serves as the elected Attorney General of Guam.

- Judge Tolentino's personal relationship with Attorney General Moylan necessitates his disqualification in matters involving the OAG. Judge Tolentino is married to Attorney General Moylan's ex-wife. and Attorney General Moylan is the father of Judge Tolentino's step-children.

See Objection at 2 (Jul. 19, 2024).

On July 29, 2024, Judge Tolentino filed his Answer to Objection ("Answer"). In his response, Judge Tolentino challenged the timeliness of the OAG's Objection. See Answer at ¶ 11 (Jul. 29, 2024). Judge Tolentino also made the following responses, under penalty of perjury, which the Court finds particularly relevant in its recusal determination:

- ¶ 6. That at Mr. Moylan's request, a meeting between him and the undersigned, the undersigned's chamber staff, the Administrator of the Courts, and Mr. Moylan's transition chairperson, Mr. Wilfred Aflague, occurred in December 2022.

- ¶ 7. That at this meeting, Mr. Moylan assured me and the other members in attendance that he perceived no conflict in his election as the Attorney General and the prosecution of criminal cases before the undersigned. It was agreed that the circumstances underlying my recusal in matters that Mr. Moylan was a lawyer no longer existed, to wit: that during my term as the Magistrate Judge and as a Judge I had routinely recused myself from all matters where Mr. Moylan was the attorney of a party before me on the basis that he was the father of my minor step-children and that the minor step-children were members of and resided in the household maintained by me and my wife and that as of even date, both step-children have now reached majority and adulthood and have been residing at their own residences in Guam and in the U.S. Mainland.

- ¶ 8. That Mr. Moylan never made an appearance as a lawyer in this case.

- ¶ 14. That my wife Doris L.G. Tolentino and Attorney General Moylan were divorced on June 13, 1997, and that there were two minor children at the time of the dissolution of marriage, to wit: Brandon (born 1990) and Angela (born 1992).

- ¶ 17. I have never observed Mr. Moylan and my wife involved in any sense in co-parenting the children of their marriage as the children have been raised and provided with protection and care to ensure their healthy development into adulthood, primarily

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **2** of **12**

by my wife and me, and that at present they are in fact adults able to conduct and make their own decisions in life.

- ¶ 18. That based upon the foregoing averments, the fact that Attorney General Moylan is the biological father of the undersigned's stepchildren provides no basis for disqualification under 7 G.C.A. § 6105(b) or that the undersigned's "impartiality might reasonably be questioned" as required under subsection (a).

- ¶ 19. That "[u]nder subsection 6105(a), what matters is not "actual bias", but "the appearance of bias." *Van Dox* at ¶ 32 (citing *Dizon v. Super. Ct. (People)*, 1998 Guam 3 ¶ 10 n.3). The appearance of bias is judged from the standard of a "reasonable person" who knows all the facts, and understands the "contents of the jurisdictions, parties, and controversies involved," including such "realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families." *Id.* (citation omitted).

- ¶ 30. My wife and Mr. Moylan have been divorced for close to twenty-seven years and that the children of their marriage are adults living on their own and well over the age of majority and that no reasonable person who knows all the facts and understands the contents of the jurisdiction, parties and controversies involved in the Guam judicial system would conclude that there exists an appearance of bias requiring my disqualification in this matter.

Id.

On August 14, 2024, the OAG filed their Amended Response to Judge Tolentino's Answer ("Response"). The OAG asserts their Objection was timely filed. See Response at 1-3 (Aug. 14, 2024). The OAG also expands on their argument that Judge Tolentino is biased per se, arguing that Judge Tolentino's personal relationship with Attorney General Moylan has not substantially changed and continues to provide a basis for his disqualification. Id. at 3-6.

On July 30, 2014, this Court was assigned to address the Objection. See Notice of Assignment of Recusal Judge (Jul. 30, 2024).

## DISCUSSION

### I. The Law Governing Judicial Disqualification:

Judicial disqualifications are governed by the substantive rules of 7 G.C.A. § 6105 and the procedural rules of 7 G.C.A. §§ 6106 and 6107. Section 6105 defines the grounds for disqualifications as follows:

(a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 3 of 12

all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

(b) A Judge shall also disqualify himself or herself in the following circumstances, but if, following complete disclosure to all parties in the proceeding of the reasons for his or her disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself:

> (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

> (2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

> (3) Where he or she has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or, as such government employee, expressed an official opinion concerning the merits of the particular matter in controversy;

> (4) Where he or she knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;

> (5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

>> (A) is a party to the proceeding, or an officer, director, or trustee of a party;
>> (B) is acting as a lawyer in the proceeding;
>> (C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (D) is to the Judge's knowledge likely to be a material witness in the proceeding.

See 7 G.C.A. § 6105.

Section 6106 compels a judge to disclose a disqualification listed under § 6105:

> Whenever a Justice or Judge shall have knowledge of any fact or facts which, under the provisions of 6105 of this Chapter, disqualify him or her to sit or act as such in any action or proceeding pending before him or her, it shall be his or her duty to declare the same in open court and cause a memorandum thereof to be entered in the minutes. It shall be the duty of the clerk to transmit forthwith a copy of such memorandum to

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 4 of 12

each party or his or her attorney who shall have appeared in such action or proceeding, except such parties as are presented in person or by attorney when the declaration is made.

See 7 G.C.A. § 6106.

If a judge fails to disclose a disqualifying factor under § 6105, then any party to the action who has appeared in the case may raise the objection to competency. In this regard, § 6107 provides as follows:

Whenever a Justice or Judge who shall be disqualified under the provisions of this Chapter to sit or act as such in any action or proceeding pending before him or her neglects or fails to declare his or her disqualification in the manner provided by this Chapter, any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or any trial of any issue of fact or law in such action or proceeding before such Justice or Judge, and setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge. Copies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified.

Within ten (10) days after the service of such statement as above provided, or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk his or her consent in writing that the action or proceeding continue without him or her, or may file with the clerk his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification. The clerk shall forthwith transmit a copy of the Justice's or Judge's consent or answer to each party or his or her attorney who shall have appeared in such action or proceeding. Every such statement and every answer shall be verified in the manner prescribed for the verification of pleadings. The statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge.

No Justice or Judge who shall deny his or her qualification shall hear or pass upon the question of his or her own disqualification, but in every case the question of the Justice's or Judge's disqualification shall be heard and determined by some other Judge. The Presiding Judge, or next senior Judge, if it is the Presiding Judge's disqualification that is being requested, shall make such assignment within five (5) days after receiving from the clerk the notice that the statement of disqualification has been filed. In the case of a Justice's disqualification, the matter shall be heard by the Supreme Court constituted without the questioned Justice.

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **5** of 12

> If such Judge admits his or her disqualification, or files his or her written consent that the action or proceeding be tried before another Judge, or fails to file the answer within the ten (10) days allowed, or if it shall be determined after the hearing that he or she is disqualified, the action or proceeding shall be heard and determined by another Judge of the Superior Court who is not disqualified. Such other Judge shall be assigned in the same manner as the Judge who was disqualified was assigned to hear the case initially.

See 7 G.C.A. § 6107.

II. **The Objection is procedurally defective, because it was not timely filed at the earliest practicable opportunity nor prior to any hearing of factual issues before Judge Tolentino. Having failed to timely file their Objection, the OAG has waived its right to object.**

The Court will first address the procedural issue of whether the OAG's Objection was timely filed. Judge Tolentino initially raised the issue of timeliness, stating "that neither Mr. Moylan nor the Office of the Attorney General had ever challenged or objected to me presiding over this case until the instant Statement of Objection and Motion to disqualify." See Answer at ¶ 9 (Jul. 29, 2024).

Where a judge neglects or fails to disclose his disqualification mandated under § 6105, § 6107 provides that "any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or any trial of any issue of fact or law in such action or proceeding before such Justice or Judge, and setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge. Copies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified." See 7 G.C.A. § 6107.

Importantly, § 6107 mandates that "the statement of a party objecting to the Justice or Judge on the ground of his or her disqualification *shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact*

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 6 of 12

*in the action or proceeding* before such Justice or Judge." Id. (emphasis added). The Guam Supreme Court has confirmed that statements of objection shall "be presented at the earliest practicable opportunity after ... discovery of the facts constituting the ground for disqualification." See *Van Dox v. Super Ct.*, 2008 Guam 7 ¶ 44.

"A party's failure to comply with any of these requirements constitutes sufficient grounds to strike or disregard the statement of objection." See *People v. Johnny*, 2006 Guam 10 ¶ 11. Thus, "with respect to the statutory provision requiring that disqualification be urged at the 'earliest practical opportunity,' the intention is 'clear that *failure to comply with the provision constitutes a waiver.*'" See *Van Dox v. Super Ct.*, 2008 Guam 7 ¶ 44 (quoting *Caminetti v. Pac. Mut. Ins. Co. of Cal.*, 139 P.2d 930, 933 (Cal. 1943) (emphasis added)). The Guam Supreme Court applied this "silence-as-waiver rule" in *San Union, Inc. v. Arnold*, "to avoid the possibility of 'lying in wake, raising the recusal issue only after learning the court's ruling on the merits.'" See *San Union, Inc. v. Arnold*, 2017 Guam 10 ¶ 27 (quoting *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986).

However, a finding of timeliness "should be 'construed liberally' to promote justice." See *Van Dox v. Super Ct.*, 2008 Guam 7 ¶ 45 (quoting *Eagle Maint. & Supply Co. v. Super. Ct.*, 16 Cal.Rptr. 745, 747 (Dist.Ct.App. 1961)). A timely statement of objection is made "prior to any hearing before the challenged judge in the matter." Id. at ¶ 46.

In his Answer, Judge Tolentino raised the issue of timeliness, stating "that neither Mr. Moylan nor the Office of the Attorney General had ever challenged or objected to me presiding over this case until the instant Statement of Objection and Motion to disqualify." See Answer at ¶ 9 (Jul. 29, 2024). Judge Tolentino was assigned to his matter on December 13, 2022, more than one and a half (1.5) years before the OAG filed their Objection on July 19, 2024. Indeed, the OAG had several opportunities to raise the issue upon Judge Tolentino's assignment and throughout the following year.

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 7 of 12

Timeliness also weighs heavily against the OAG considering the issue of disqualification based on shared familial relationships involving Attorney General Moylan's adult children/Judge Tolentino's adult step-children and Attorney General Moylan's ex-wife/Judge Tolentino's wife was addressed at a meeting in December 2022. In that meeting, Attorney General Moylan agreed that there was no longer any conflict of interest which would adversely affect Judge Tolentino's ability to preside over cases in which Attorney General Moylan, as the Attorney General of Guam, was involved. Id. at ¶¶ 6-7. The OAG stuck by this position for over one and a half (1.5) years, failing to file any objection based on familial ties until July 2024. Having failed to timely raise the objection, the OAG has waived its current disqualification request. See *Van Dox v. Super Ct.*, 2008 Guam 7 ¶ 44.

The timing of the OAG's Objection is further suspect because it comes after several hearings before Judge Tolentino, including a week-long jury trial that resulted in a mistrial. This is precisely the circumstance that the Guam Supreme Court prohibited. See *San Union, Inc. v. Arnold*, 2017 Guam 10 ¶ 27 ("to avoid the possibility of 'lying in wake, raising the recusal issue only after learning the court's ruling on the merits.'") (internal citations omitted). Rather than present the grounds for disqualification at the earliest practicable opportunity, the People waited for over one and a half (1.5) years, until a jury trial had finished, before raising their Objection. Therefore, the Court finds the OAG's Objection is procedurally defective and effectively waived.

## III. The Objection is substantially defective because:

**a. Jude Tolentino is *not* compelled to disclose his personal connection to Attorney General Moylan under the clear language of 7 G.C.A. §§ 6105 and 6106.**

The only circumstance in § 6105 requiring disqualification (absent a waiver following disclosure) involving the judge's spouse is § 6105(b)(5) when the spouse is any of: (A) a party to the proceeding, or an officer, director, or trustee of a party; (B) acting as a lawyer in the proceeding; (C) known by the Judge to have an interest that could be substantially affected by the outcome of the

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **8** of 12

proceeding; or (D) is to the Judge's knowledge likely to be a material witness in the proceeding. See 7 G.C.A. § 6105(b)(5).

Judge Tolentino's spouse is not a party to the proceeding, or an officer, director, or trustee of a party. She is not acting as a lawyer in the proceeding, nor is she known by Judge Tolentino to have an interest that could be substantially affected by the outcome of the proceeding. She is not, to Judge Tolentino's knowledge, likely to be a material witness in the proceeding. Therefore, none of these circumstances exist to require that Judge Tolentino invoke the mandatory disclosure requirements of § 6106.

The circumstances of the OAG's objection differ notably from the circumstances in *People v. Santos*, where the Guam Supreme Court found the provisions of § 6105(b) required a judge's disqualification (absent a waiver following disclosure) when that judge was related within the third degree to the Chief Prosecutor of the OAG. See *People v. Santos*, 2018 Guam 12 ¶ 8. The Guam Supreme Court concluded that the Chief Prosecutor was acting as a lawyer in the proceeding, even if they did not personally participate in the case, due to their supervisory responsibility over the performance of the attorney in the proceeding. Id. at ¶ 13. This same logic cannot be extended to Attorney General Moylan, despite any supervisory involvement he may have in this case, because Attorney General Moylan is not related within the third degree to Judge Tolentino. Therefore, 7 G.C.A. § 6105(b) does not require Judge Tolentino's disqualification here.

**b. Applying the "appearance of impropriety" standard, Judge Tolentino was not required to disclose under 7 G.C.A. § 6105(a).**

Section 6105(a) requires that "any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned". See 7 G.C.A. § 6105(a). When considering disqualification under § 6105(a), "what matters is not 'actual bias,' but 'the appearance of bias.'" See *Van Dox v. Super Ct.*, 2008 Guam 7 ¶ 32 (citing *Dizon v. Super. Ct. (People)*, 1998 Guam 3 ¶ 10 n.3). The appearance of bias is judged from the standard of a "reasonable person" who

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **9** of 12

knows all the facts, and understands the "contents of the jurisdictions, parties, and controversies involved," including such "realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families." Id. ¶ 32 (citation omitted).

The Michigan Supreme Court held that "the appearance of impropriety" standard applies only where there is no clear rule or canon pertaining to the subject matter. See *Adair v. State of Michigan Dept. of Education*, 474 Mich. 1027, 1039 (Jan. 31, 2006). The Court reasoned "specific court rules or canons that pertain to a subject and that delineate what is permitted and prohibited judicial conduct... would be of little consequence if they could always be countermanded by the vagaries of an 'appearance of impropriety' standard". Id. at 1039.

In this instant case, the non-disclosure of the relationship complained of by the OAG is covered by § 6105(5), which specifically lays out when a judge's relationship to a lawyer in the proceeding warrants that judge's disqualification. Importantly, by listing the prohibited relationships between a lawyer and the judge, § 6105(5) also states which relationships are permitted. Section 6105(5) lists several prohibited relationships, and being the ex-partner of the judge's spouse is not one of them. Because § 6105(5) delineates what is and isn't a prohibited relationship, the OAG cannot negate that rule by invoking the "appearance of impropriety" standard.

**c. Under an "objectively reasonable person" standard, Judge Tolentino was not required to disqualify himself in this case.**

Even if § 6105(a) was permitted to bypass the clear rule pertaining to this challenged relationship, no objectively reasonable person would question Judge Tolentino's impartiality here.

The American Bar Association ("ABA") acknowledged that "judges are ordinarily in the best position to assess whether their impartiality might reasonably be questioned when lawyers or parties with whom they have relationships ... appear before them." See ABA Formal Op. 488 (Sep. 5, 2019). The ABA also notes that "in smaller communities and relatively sparsely-populated districts, judges may have social and personal contacts with lawyers and parties that are unavoidable. *In that circumstance, too strict a disqualification standard would be impractical to enforce and would potentially disrupt the administration of justice.*" Id. (emphasis added). The ABA also recognizes that over time relationships change "or may have ended sufficiently far in the past that it is not a

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **10** of **12**

current concern when viewed objectively." Id. "Finally, judges must avoid disqualifying themselves too quickly or too often lest litigants be encouraged to use disqualification motions as a means of judge-shopping, or other judges in the same court … become overburdened." Id.

Adopting the recommendations of the ABA in its Formal Opinion 488, based on the objective reasonable person standard, and considering the Answer filed by Judge Tolentino and the judicial community and context in which the disqualification is sought, the Court makes the following findings:

- The circumstances previously requiring Judge Tolentino to disqualify himself have changed and, by Attorney General Moylan's own admission during the meeting between himself, his staff, Judge Tolentino, and the court staff, any conflict relating to the familial association between Judge Tolentino and Attorney General Moylan "no longer existed." See Answer at ¶ 7 (Jul. 29, 2024). Therefore, Judge Tolentino is not required to disqualify himself under § 6105(a).

- The relationship between Attorney General Moylan and Mrs. Tolentino ended on June 13, 1997. Id. at ¶ 14. Therefore, the relationship has ended sufficiently far in the past that it is not a current concern when viewed objectively.

- Attorney General Moylan and Mrs. Tolentino's children are now grown adults living on their own, which poses another significant change in relationships. Id. at ¶¶ 7, 14.

- In Guam's small legal community and with a trial court bench consisting of only four (4) dedicated criminal court dockets, requiring Judge Tolentino, who is one of the four (4) judges assigned to the criminal docket, to disqualify himself pursuant to § 6105(a) from all cases in which Attorney General Moylan represents the People of Guam would: (a) be impractical to enforce, (b) negatively impact the efficient administration of justice, and (c) lead to judge-shopping and/or overburden the judges in the same court.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the OAG's Objection. Judge Tolentino is not disqualified under 7 G.C.A. §§ 6105(a) or (b) from presiding over this case on the grounds that

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page 11 of 12

he has a familial relationship to Attorney General Moylan based upon Judge Tolentino's relationships with Attorney General Moylan's biological children and his former wife. Even if there were such grounds for disclosure or disqualification, which this Court has found there are none, the untimely Objection filed by the OAG constitutes a waiver of any such disqualifying factor.

**IT IS SO ORDERED** this _____ August 29, 2024

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying the OAG's Statement of Objection 7 G.C.A. § 6107 & Motion to Disqualify
CM0363-22, *People of Guam v. Ugochukwu Enyinnaya Akoma*
Page **12** of **12**